**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

<table>
<tr><td>

KING STREET CAPITAL MANAGEMENT,
L.P.

          *Plaintiff*,

          v.

KEVIN DERMODY and KING STREET
CAPITAL L.L.C.

          *Defendants*.

</td><td>

Case No. 22-cv-02576

**COMPLAINT**

</td></tr>
</table>

## <u>COMPLAINT</u>

King Street Capital Management, L.P. ("Plaintiff" or "King Street") by and through its undersigned counsel, as and for its Complaint against Kevin Dermody ("Dermody") and King Street Capital LLC ("KSC LLC") (with Dermody, "Defendants") alleges as follows based on knowledge of its own actions, and on information and belief as to Defendants' actions (unless indicated otherwise):

### <u>NATURE OF THE CASE</u>

1.      King Street is a celebrated and exclusive financial and investment management firm providing services to various investors in the United States and throughout the world.

2.      King Street's acclaimed funds and investment and asset management services encompass a diverse set of investment products across a wide variety of industries that are marketed to both institutional and individual investors.

3.      King Street currently manages in excess of $20 billion, and conducts its business worldwide. For well over 20 years, King Street has been using its KING STREET® and KING

1

STREET CAPITAL® marks (collectively, the "KING STREET® Marks") in connection with its financial, investment management, and loan services.

4.      King Street has invested substantial effort and resources in developing and promoting the KING STREET® Marks—an investment that has yielded impressive dividends in fame and recognition across the United States.

5.      King Street's ownership of the KING STREET® Marks is a matter of public record, as partially evidenced by incontestable U.S. Trademark Registration Nos. 2,364,090 and 3,019,785, and numerous registrations throughout the world. *See* **Exhibit A**; see also 15 U.S.C. § 1115(b).

6.      These Marks are an extremely valuable asset to King Street, and the company vigorously protects the KING STREET® Marks against unauthorized use.

7.      It has recently come to King Street's attention that Defendants are unlawfully using the KING STREET® Marks to promote their business and piggybacking off of King Street's goodwill to attract new and potential clients.

8.      Despite King Street's repeated demands, Defendants refuse to cease their infringing conduct.

9.      Accordingly, King Street brings this action against Defendants for: (i) federal trademark infringement under 15 U.S.C. § 1114; (ii) federal trademark infringement under 15 U.S.C. § 1125(a); (iii) federal unfair competition under 15 U.S.C. § 1125(a); (iv) trademark infringement under Illinois common law; (v) unfair competition under Illinois common law.

## THE PARTIES

10.      Plaintiff King Street, is a limited partnership, with its principal place of business at 299 Park Avenue, 40th Floor, New York, New York 10171. King Street's partners are King Street

Capital Management GP, LLC; King Street Membership Holdings I, LLC; and King Street Membership Holdings II, LLC.

11.     The members of King Street Capital Management GP, LLC and their states of citizenship are as follows: Brian J. Higgins (New York), O. Francis Biondi, Jr. (New York), Bruce S. Darringer (New York), John J. Ryan (New Jersey), Randolph A. Stuzin (New York), Paul Goldschmid (New York), David Walch (New York), Justin Gmelich (New Jersey), Young Choi (New York), Vincent Dubois-Pelerin (New York), Daniel Ehrmann (New York), and Ed Testerman (Virginia). The sole member of King Street Membership Holdings I, LLC is O. Francis Biondi, Jr, who is a citizen of New York. The sole member of King Street Membership Holdings II, LLC is Brian J. Higgins, who is a citizen of New York. Plaintiff King Street is therefore a citizen of New York, New Jersey, and Virginia.

12.     Upon information and belief, Defendant Dermody is a citizen of Illinois.

13.     Defendant KKS LLC is an Illinois limited liability company, with its principal place of business at 123 Washington St. #214, Oswego, IL 60543.

14.     Upon information and belief, Defendant KKS LLC is a citizen of Illinois because its member, Dermody, is a citizen of Illinois.

## JURISDICTION AND VENUE

15.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between the parties and more than $75,000, exclusive of interest and costs, at stake in this controversy.

16.     The claims for federal trademark infringement and unfair competition asserted in Counts I-III, *infra*, arise under the Trademark Act of 1964 (as amended), namely, 15 U.S.C. §§

1051 et. seq. Therefore, this Court has subject matter and original jurisdiction over Counts I-III

pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), respectively.

17.     The claims for trademark infringement and unfair competition asserted in Counts

IV-V *infra*, arise under Illinois common law, and are so related to the federal claims asserted in

Counts I-II, infra, that they form part of the same case or controversy. Therefore, this Court has

subject matter and original jurisdiction over Counts IV-V pursuant to 15 U.S.C. § 1121 and 28

U.S.C. §§ 1338(b) and 1367(a), respectively.

18.      On information and belief, Defendant Dermody is a resident of the state of Illinois

with a physical address of 6676 Old College Road, Lisle, IL, 60532. Defendant transacts and

solicits business within the State of Illinois (including within this judicial district) on a regular and

continuous basis. Therefore, this Court has personal jurisdiction over Defendant Dermody.

19.     As discussed *infra*, Defendant Dermody's wrongful acts and conduct occurred in

substantial part in the State of Illinois, including within this judicial district. Further, Defendant

KSC LLC is subject to personal jurisdiction in the State of Illinois, including within this judicial

district. Defendant. Therefore, venue is proper in this judicial district pursuant to 28 U.S.C. §

1391(b)(2) and (b)(3).

20.     On information and belief, Defendant KSC LLC is an Illinois limited liability

company. Defendant KSC LLC is headquartered in the State of Illinois; and Defendant transacts

and solicits business within the State of Illinois (including within this judicial district) on a regular

and continuous basis. Therefore, this Court has personal jurisdiction over Defendant KSC LLC.

21.     As discussed *infra*, Defendant KSC LLC's wrongful acts and conduct occurred in

substantial part in the State of Illinois, including within this judicial district. Further, Defendant is

subject to personal jurisdiction in the State of Illinois, including within this judicial district. Therefore, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

I.  **KING STREET**

A.  **History and Mission Statement**

22.     King Street is a global investment management company founded in 1995 by Brian J. Higgins and Francis Biondi Jr.

23.     King Street has become a leading global alternative asset manager that manages more than $20 billion across an institutional platform spanning multiple segments of the public and private markets.

24.     Since its founding in 1995, King Street has continued to extend its investment philosophy and investment approach across markets. Its growing and diversified platform allows it to focus on capturing new opportunities and quickly execute with conviction while remaining flexible to dynamically rotate capital in our portfolios.

25.     The firm focuses on marrying rigorous fundamental research with tactical trading and exceptional sourcing capabilities to identify misunderstood and complex investment opportunities across asset classes, up and down the capital structure, and in geographies where it has an edge through its deep expertise in private investment, credit, restructurings, bankruptcies and other event driven situations.

26.     Indeed, King Street's team of 220 employees, including 65 investment professionals, is defined by its work ethic, discipline and commitment to excellence on behalf of its clients.

27.     King Street has a number of offices globally, including New York, London, Singapore, Palo Alto, Charlottesville, and Tokyo.

## B.  Intellectual Property

28.     King Street has expended substantial resources on advertising, marketing, and promoting its intellectual property.

29.     For well over 20 years, King Street has been using its KING STREET® Marks in connection with its financial, investment management, and loan services.

30.     King Street uses the KING STREET® Marks on its website and social media so that consumers are able to connect these Marks to King Street's products and services. Attached hereto as **Exhibit B** are clips from King Street's website and social media pages prominently displaying the KING STREET® Marks.

31.     The KING STREET® Marks have been the subject of widespread, unsolicited media coverage and critical acclaim throughout the world, including the United States.

32.     Because of King Street's extensive advertising, marketing, and promotional efforts, as well as widespread, unsolicited media coverage of King Street and its activities offered under the KING STREET® Marks, consumers throughout the world associate the KING STREET® Marks uniquely with King Street.

33.     The KING STREET® Marks are inherently distinctive.

34.     King Street vigorously polices the marketplace for unauthorized uses of its KING STREET® Marks.

35.     In the course of King Street using and protecting its KING STREET® Marks throughout the world, King Street has obtained the following trademark registrations:

| Mark | U.S. Trademark Registration | Registration Date | International Class |
| --- | --- | --- | --- |

| KING STREET CAPITAL | 2,364,090 (" '090 Registration") | July 4, 2000 | Int'l Cl. 036: financial and investments management services. |
|---|---|---|---|
| KING STREET | 3,019,785 (" '785 Registration") | Nov. 29, 2005 | Int'l Cl. 036: financial and investment management services. |

36.     Attached hereto as **Exhibit A** are true and correct copies of the '090 and '785 Registration certificates.

37.     The '090 and '785 Registrations are in effect, valid, and subsisting.

38.     The '090 and '785 Registrations are on the Principal Trademark Register.

39.     The '090 and '785 Registrations are incontestable within the meaning of 15 U.S.C. § 1065.

40.     The '090 and '785 Registrations are conclusive evidence of the validity of the KING STREET® Marks covered by such Registrations.

41.      The '090 and '785 Registrations are conclusive evidence of the validity of registration of the KING STREET® Marks covered by such Registrations.

42.     The '090 and '785 Registrations are conclusive evidence of King Street's ownership of the KING STREET® Marks covered by such Registrations.

43.     The'090 and '785 Registrations are conclusive evidence of King Street's exclusive right to use the KING STREET® Marks covered by such Registrations for the goods and/or services specified in each such Registration.

44.     King Street exclusively owns all right, title, and interest in and to the KING STREET® Marks.

45.     The KING STREET® Marks are valuable assets of King Street.

## II.   DEFENDANTS

### A.   Defendant Dermody

46.     Upon information and belief, Dermody is the President and CEO of KSC LLC, which he formed in July 2018. KSC LLC focuses on real estate investments and M&A activity for others.

47.     Upon information and belief, Dermody claims that KSC LLC's affiliated companies include: The Decade Group, LLC, KDR Holdings, LLC, Denver Capital, LLC, NA Lodging, LLC, NA Townhomes LLC, and Dressander Capital Solutions.

### B.   Defendants' Infringing Conduct

48.     Dermody, through KSC LLC, is unlawfully making use of the KING STREET® Marks to promote his business and services.

49.     KSC LLC is unlawfully piggybacking off of the goodwill of the KING STREET® Marks to promote his business and services.

50.     Plaintiff has discovered that Defendants have been using the KING STREET® Marks without authorization as part of KSC LLC's advertising and communications to help promote business and attract potential investors.

51.     Indeed, Defendant Dermody prominently displayed the KING STREET® Marks on his LinkedIn Profile to help promote his company and publicizes himself as the "President and CEO of King Street Capital." Attached hereto as **Exhibit C** is a snapshot of Dermody's LinkedIn page.

52.    King Street's counsel reached out to counsel for KSC LLC and Dermody on several occasions to make his clients aware of the infringement and ask them to cease use of the KING STREET® Marks.

53.    Defendants brazenly refused and continued to willfully make use of the Marks.

54.    Defendants are contumaciously using and trading off the KING STREET® Marks to manufacture interest in the KSC LLC.

55.    As a result, Defendants have caused significant confusion among current and potential investors and exposed King Street to reputational risk.

56.    Defendants' intentional misrepresentations have resulted in a pervasive confusion among the public.

57.    By way of example, a number of websites have confused KSC LLC with King Street, going so far as inaccurately recording that Dermody is affiliated with King Street, rather than KSC LLC.  Attached hereto as **Exhibit D** is a collection of websites where confusion between KSC LLC and King Street is apparent.

58.    King Street has been and will continue to be damaged by the confusion and/or diversion of investment funds caused by Defendants' unauthorized use of the KING STREET® Marks, misleading statements and misstatements.

**COUNT I**
*(Federal Trademark Infringement Under 15 U.S.C. § 1114)*

59.    Plaintiff incorporates paragraphs 1-58 of the Complaint as though fully set forth herein.

60.    Count I is for trademark infringement in violation 15 U.S.C. § 1114.

61.    Defendants' use of the KING STREET® Marks in commerce to advertise, market, promote and/or offer for sale and/or sell its products, is likely to cause confusion, cause mistake,

and/or deceive consumers into mistakenly believing that KSC LLC is King Street, or is a licensee, authorized distributor, or affiliate or member of King Street, or that Defendants and/or their activities are authorized, endorsed, sponsored, or approved by King Street, or that Defendants and/or their activities originate with, are connected with, or are associated with King Street, or vice versa.

62.     Upon information and belief, Defendants are using the KING STREET® Marks without King Street's authorization or consent in furtherance of their willful, deliberate and bad faith efforts to trade off the association between the KING STREET® Marks on the one hand, and the investing services it offers thereunder, on the other hand, to generate turn-key brand recognition for, and interest in KSC LLC.

63.     Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from their unauthorized uses of the KING STREET® Marks, to which they are not entitled in law or equity.

64.     Upon information and belief, Defendants' acts and conduct complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114.

65.     Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendant's unauthorized use of the KING STREET® Marks unless restrained by law.

66.     Plaintiff has no adequate remedy at law.

## COUNT II
*(Trademark Infringement Under 15 U.S.C. § 1125(a))*

67.     Plaintiff incorporates paragraphs 1-66 of the Complaint as though fully set forth herein.

68.     Count II is for trademark infringement in violation of 15 U.S.C. § 1125(a).

69.     Defendants' use of the KING STREET® Marks in commerce to advertise, market, promote and/or offer for sale and/or sell its products, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that KSC LLC is King Street, or is a licensee, authorized distributor, or affiliate or member of King Street, or that Defendants and/or their activities are authorized, endorsed, sponsored, or approved by King Street, or that Defendants and/or their activities originate with, are connected with, or are associated with King Street, or vice versa.

70.     Upon information and belief, Defendants are using the KING STREET® Marks without King Street's authorization or consent in furtherance of their willful, deliberate and bad faith efforts to trade off the association between the KING STREET® Marks on the one hand, and the investing services it offers thereunder, on the other hand, to generate turn-key brand recognition for, and interest in KSC LLC.

71.     Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from their unauthorized uses of the KING STREET® Marks, to which they are not entitled in law or equity.

72.     Upon information and belief, Defendants' acts and conduct complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1125(a).

73.     Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of the KING STREET® Marks unless restrained by law.

74.     Plaintiff has no adequate remedy at law.

## COUNT III
*(False Association, False Designation of Origin, and Unfair Competition Under 15 U.S.C. § 1125(a))*

75.     Plaintiff incorporates paragraphs 1-75 of the Complaint as though fully set forth herein.

76.     Count III is for false association, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

77.     Defendants' use of the KING STREET® Marks in commerce to advertise, market, promote and/or offer for sale and/or sell its products, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that KSC LLC is King Street, or is a licensee, authorized distributor, or affiliate or member of King Street, or that Defendants and/or their activities are authorized, endorsed, sponsored, or approved by King Street, or that Defendants and/or their activities originate with, are connected with, or are associated with King Street, or vice versa.

78.     Upon information and belief, Defendants are using the KING STREET® Marks without King Street's authorization or consent in furtherance of their willful, deliberate and bad faith efforts to trade off the association between the KING STREET® Marks on the one hand, and the investing services it offers thereunder, on the other hand, to generate turn-key brand recognition for, and interest in KSC LLC.

79.     Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from their unauthorized uses of the KING STREET® Marks, to which they are not entitled in law or equity.

80.     Upon information and belief, Defendants' acts and conduct complained of herein constitute false association, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

12

81.     Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of the KING STREET® Marks unless restrained by law.

82.     Plaintiff has no adequate remedy at law.

## COUNT IV
*(Trademark Infringement Under Illinois Common Law)*

83.     Plaintiff incorporates paragraphs 1-82 of the Complaint as though fully set forth herein.

84.     Count IV is for trademark infringement in violation of the common law of the State of Illinois.

85.     Defendants' use of the KING STREET® Marks in commerce to advertise, market, promote and/or offer for sale and/or sell its products, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that KSC LLC is King Street, or is a licensee, authorized distributor, or affiliate or member of King Street, or that Defendants and/or their activities are authorized, endorsed, sponsored, or approved by King Street, or that Defendants and/or their activities originate with, are connected with, or are associated with King Street, or vice versa.

86.     Upon information and belief, Defendants are using the KING STREET® Marks without King Street's authorization or consent in furtherance of their willful, deliberate and bad faith efforts to trade off the association between the KING STREET® Marks on the one hand, and the investing services it offers thereunder, on the other hand, to generate turn-key brand recognition for, and interest in KSC LLC.

87.     Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from their unauthorized uses of the KING STREET® Marks, to which they are not entitled in law or equity.

88.     Upon information and belief, Defendants' acts and conduct complained of herein constitute trademark infringement in violation of the common law of the State of Illinois.

89.     Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of the KING STREET® Marks unless restrained by law.

90.     Plaintiff has no adequate remedy at law.

## COUNT V
*(Unfair Competition Under Illinois Common Law)*

91.     Plaintiff incorporates paragraphs 1-90 of the Complaint as though fully set forth herein.

92.     Count IV is for unfair competition in violation of the common law of the State of Illinois.

93.     Defendants' use of the KING STREET® Marks in commerce to advertise, market, promote and/or offer for sale and/or sell its products, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that KSC LLC is King Street, or is a licensee, authorized distributor, or affiliate or member of King Street, or that Defendants and/or their activities are authorized, endorsed, sponsored, or approved by King Street, or that Defendants and/or their activities originate with, are connected with, or are associated with King Street, or vice versa.

94.     Upon information and belief, Defendants are using the KING STREET® Marks without King Street's authorization or consent in furtherance of their willful, deliberate and bad faith efforts to trade off the association between the KING STREET® Marks on the one hand, and the investing services it offers thereunder, on the other hand, to generate turn-key brand recognition for, and interest in KSC LLC.

95.     Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from their unauthorized uses of the KING STREET® Marks, to which they are not entitled in law or equity.

96.     Upon information and belief, Defendants' acts and conduct complained of herein constitute unfair competition in violation of the common law of the State of Illinois.

97.     Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of the KING STREET® Marks unless restrained by law.

98.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff prays for judgment against Defendants as follows:

A.      That Defendants, and those persons in active concert or participation with him, who receive actual notice of the Order by personal service or otherwise, be permanently enjoined from:

(1)     Using the KING STREET® Marks, or any reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation thereof, as, or as any portion of, a trademark or trade dress used in the connection with the sale or provision of any good or service covered by the KING STREET® Marks;

(2)     Engaging in acts that constitute infringement, unfair competition, false representation, or false designation of origin under federal or Illinois trademark law and which would damage or injure Plaintiffs;

(3)     Inducing, encouraging, instigating, aiding, abetting, or contributing to any of the aforesaid acts.

B.      That Defendants be required to take any actions this Court may direct for the purpose of attempting to remedy and alleviate any instance(s) of consumer confusion or mistake, or any loss of goodwill or distinctiveness suffered by Plaintiff as a result of Defendants' acts;

C.      That in accordance with 15 U.S.C. § 1118, Defendants be ordered to deliver up for destruction, as this Court shall direct, all articles, labels, signs, prints, packages, wrappers, receptacles, and advertisements (and the like) in its possession or under its custody or control that use the KING STREET® Marks;

D.      That in accordance with 15 U.S.C. § 1116, Defendants be directed to file with this Court and serve on Plaintiff, no later than thirty days after receiving service of this Order, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the Order;

E.      That in accordance with 15 U.S.C. § 1117(a), Defendants be ordered to:

    (1)    Account for and pay over to Plaintiff three times all of the gains, profits, savings, and advantages realized by Defendants from their unlawful activities;

    (2)    Pay over to Plaintiff treble damages sustained by Plaintiff from Defendants' unlawful activities;

    (3)    Reimburse Plaintiff for the costs of this action; and

    (4)    Reimburse Plaintiff for any reasonable attorney's fees and costs incurred as a result of Defendants' unlawful activities, including all attorney's fees and costs incurred during this action;

F.      That Plaintiff be awarded both pre-judgment and post-judgment interest on any monies to be paid to Plaintiff by Defendants;

16

G.     An Order awarding Plaintiff punitive and exemplary damages as permitted by Illinois

       law;

H.     That Plaintiff be awarded such other and further relief as this Court may deem just and

       proper.

Dated: May 16, 2022

                                                  Respectfully Submitted,

                                                  */s/ Andrea L. Evans*
                                                  Julie B. Porter
                                                  Andrea L. Evans
                                                  Salvatore Prescott Porter & Porter
                                                  1010 Davis Street
                                                  Evanston, IL 60201
                                                  Tel: (312) 283-5711
                                                  Fax: (312) 724-8353
                                                  Email: porter@spplaw.com
                                                  Email: evans@spplaw.com

                                                  And

                                                  Jeremy S. Boczko (*pro hac* pending)
                                                  Sherli Furst  (*pro hac* pending)
                                                  HUNTON ANDREWS KURTH LLP
                                                  200 Park Avenue
                                                  New York, NY 10166
                                                  Tel.: (212) 309-1000
                                                  Fax: (212) 309-1100
                                                  Email: jboczko@HuntonAK.com
                                                  Email: sfurst@HuntonAK.com

                                                  *Attorneys for Plaintiff King Street Capital*
                                                  *Management L.P.*

17