EXECUTION VERSION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KING STREET CAPITAL MANAGEMENT, L.P.<br><br>Plaintiff,<br><br>v.<br><br>KEVIN DERMODY and KING STREET CAPITAL L.L.C.<br><br>Defendants. | Civil Action No. 22-cv-02576 |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

WHEREAS, in the Complaint, Plaintiff King Street Capital Management, L.P. ("Plaintiff") seeks injunctive relief and monetary damages against defendants Kevin Dermody and King Street Capital L.L.C. ("Defendants", with Plaintiff and Colleen Dermody, the "Parties") for infringement of Plaintiff's federally-registered KING STREET and KING STREET CAPITAL trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the State of Illinois.

WHEREAS, Defendants have consented to waiver of service of the Summons and Complaint, and now stipulate and consent to this Consent Judgment and

Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the Parties hereto, it is HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Parties agree that this Court has personal jurisdiction over them and over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1338(a), 1338 (b), 1367, and 15 U.S.C. §1121.

2. Venue in this District is proper pursuant to 28 U.S.C. §1391(b).

3. Plaintiff is the owner of valid and subsisting United States Trademark Registration Nos. 2,364,090 and 3,019,785 on the Principal Register in the United States Patent and Trademark Office for the trademarks KING STREET CAPITAL and KING STREET (hereinafter "KING STREET Marks"), respectively, in International Class 036, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

4. As a result of its widespread, continuous, and exclusive use of the KING STREET Marks to identify its goods and services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the KING STREET Marks.

5. Plaintiff's KING STREET Marks are distinctive to both the consuming public and Plaintiff's trade.

6. As a result of Plaintiff's expenditures and efforts, the KING STREET Marks have come to signify the high quality of the goods and/or services designated by the KING STREET Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

7. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its KING STREET Marks, Defendants adopted and began using a similar mark to Plaintiff's KING STREET Marks in US commerce.

8. Plaintiff believes that Defendants' acts, and those of third parties unrelated to Defendant, have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and/or services and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods and/or services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

9. Plaintiff alleges that the foregoing conduct by Defendants constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and violation of Illinois State Law.

10. As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff alleges that it has sustained substantial, immediate, and irreparable injury, and is entitled to damages and an injunction pursuant to 15 U.S.C. §§ 1116-1117.

11. Defendants hereby waive any and all right to an appeal from this Consent Judgment and Permanent Injunction.

12. Defendants, together with all of Defendants' officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant are permanently enjoined and restrained from directly or indirectly:

   a. Selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any goods and/or services bearing the KING STREET Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's KING STREET Marks;

   b. engaging in any activity that infringes Plaintiff's rights in its KING STREET Marks;

   c. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants goods and/or services are in any manner approved, endorsed, licensed,

  sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and/or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

d. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

e. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the KING STREET or any other mark that infringes or is likely to be confused with Plaintiff's KING STREET Marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

f. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 12(a) through paragraph 12(f).

13. The Permanent Injunction that the Parties have agreed to is appropriate because the Parties have agreed to it; because Plaintiff alleges that it will suffer

irreparable injury if Defendants are permitted to continue their alleged trademark infringement and unfair competition; because Defendants recognize that Plaintiff has a proprietary interest in its KING STREET Marks that is worthy of judicial protection; because Defendants recognize that the remedies available to Plaintiff at law, such as monetary damages, are inadequate to protect or compensate for any injury that Plaintiff may be determined to have suffered if this matter went to trial and Plaintiff were the prevailing party; because Defendants recognize that the injunctive relief sought by Plaintiff is an equitable remedy properly afforded to Plaintiff by this Court; and because Defendants recognize that the public interest will be served by the permanent injunction that the Parties have agreed to. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

14. Defendants acknowledge Plaintiff's ownership of and exclusive right to use and register the KING STREET Marks, and agrees not to (i) oppose, petition to cancel, or otherwise challenge or object to the use or any current registration or application for registration and/or subsequent application for registration by Plaintiff of its KING STREET Marks, (ii) support, assist, or provide any assistance for any third party who seeks to oppose, petition to cancel, or otherwise challenge or object to the use or any current registration or application for registration and/or subsequent application for registration by Plaintiff of its KING STREET Marks, or (iii) use, register or apply for registration of Plaintiff's KING STREET Marks.

15. Not later than 7 business days after the date that this Consent Judgment and Permanent Injunction is entered by the Court, Defendants shall make a one-time, lump-sum payment to Plaintiff in the amount of Fifteen-Thousand Dollars ($15,000.00 USD) (the "Payment"). Defendants shall make the Payment by delivering to Jeremy Boczko, Esq., a bank, cashier's or attorney's check made payable to "King Street Capital Management L.P.," at the following address: Hunton Andrews Kurth LLP, 200 Park Avenue, Fl. 52, New York, N.Y. 10166.

16. Defendants agree to send a letter, to any known infringers, notifying them that Defendants are not affiliated with, nor have any connection to, Plaintiff, and that their continued use constitutes infringement of the KING STREET Marks. Prior to sending the letter, Plaintiff must be able to review and sign off on the language used.

17. This Consent Judgment and Permanent Injunction shall be binding on and inure to the benefit of the Parties, including without limitation their respective parents, subsidiaries, affiliates, licensees, employees, officers, directors, licensees, successors and assigns.

18. The Parties mutually release each other and their respective corporate parents, subsidiaries, affiliates and all their respective employees, officers, directors, members, shareholders, agents, suppliers, distributors, advertisers, retailers, and/or customers from any and all manner of claims, causes of action, accountings, suits,

debts, sums of money, contracts, judgments, executions, claims, and demands, whatsoever in law or equity, whether known or unknown, suspected or unsuspected, certain or speculative, which the releasing Party and its successors, assigns and personal representatives ever had or which exist as of the date of Judgment, including, without limitation, the claims that were asserted or which could have been asserted in the Action. Plaintiff specifically releases Defendant's wife to the full extent of the release provided by this paragraph.

19. If Defendants are found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the Parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

20. Defendants shall not, at any time, make statements or representations, or otherwise communicate, directly or indirectly, in writing, orally, or otherwise, or take any action which may, directly or indirectly, disparage Plaintiff or any of its subsidiaries or affiliates or their respective officers, directors, employees, advisors, businesses or reputations.

21. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

22. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

23. The Permanent Injunction shall remain in full force and effect unless and until modified by order of this court.

**SO ORDERED.**

Dated: 6/30/2022

_____

HON. HARRY D. LEINENWEBER
UNITED STATES DISTRICT JUDGE

**KING STREET CAPITAL MANAGEMENT GP, L.L.C.**
**KING STREET CAPITAL MANAGEMENT L.P.'s GENERAL PARTNER**

By: */s/ Randolph A. Stuzin*
Name: Randolph A. Stuzin
Title: General Counsel

Dated: June 15, 2022


**KEVIN DERMODY**

*/s/ Kevin Dermody*
Kevin Dermody
Individual Defendant


**KING STREET CAPITAL L.L.C**

*/s/ Kevin Dermody*
Kevin Dermody
CEO King Street Capital L.L.C.


AGREED AS TO FORM AND CONTENT:

Dated: June 13, 2022


**SALVATORE PRESCOTT PORTER & PORTER**

*/s/ Julie Porter*

Julie B. Porter
Andrea L. Evans
Salvatore Prescott Porter & Porter
1010 Davis Street
Evanston, IL 60201
Tel: (312) 283-5711
Fax: (312) 724-8353
Email: porter@spplaw.com
Email: evans@spplaw.com

And

Jeremy S. Boczko (*pro hac* pending)
Sherli Furst (*pro hac* pending)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 309-1000
Fax: (212) 309-1100
Email: jboczko@HuntonAK.com
Email: sfurst@HuntonAK.com

*Attorneys for Plaintiff King Street Capital Management L.P.*


**MICHAEL P. MAZZA LLC**

*/s/ Michael P. Mazza*

Michael P. Mazza
Mazza LLC
Tel: 630-858-507
Email: Mazza@mazzallc.com

*Attorney for Kevin Dermody and King Street Capital L.L.C.*

116306.0000025 EMF_US 90265010v4